UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

MICHAEL ADDISON,                    )
                                    )
          Petitioner                )
                                    )
     v.                             )          1:15-cv-00151-LEW-JCN
                                    )
NH STATE PRISON, WARDEN,            )
                                    )
          Respondent                )
_____

MICHAEL ADDISON,                    )
                                    )
          Plaintiff                 )
                                    )
     v.                             )          1:15-cv-00451-LEW-JCN
                                    )
NH STATE PRISON FOR MEN,            )
ACTING WARDEN,                      )
                                    )
          Respondent                )

**ORDER ON MOTIONS FOR DISCOVERY**

Petitioner seeks to conduct discovery in connection with two habeas petitions in this Court. (Motions for Discovery, No. 1:15-cv-00151, ECF No. 75; No. 1:15-cv-00451, ECF No. 72.)

Petitioner was convicted of multiple crimes in New Hampshire Superior Court. In one of the cases, a jury convicted him of the robbery of the El Mexicano restaurant. *See State v. Addison*, 8 A.3d 118, 119 (N.H. 2010). That conviction gave rise to the habeas petition filed in this Court in Case No. 1:15-cv-00151. In another case, a jury convicted him of the robbery of a 7-Eleven. *See State v. Addison*, 8 A.3d 53, 55 (N.H. 2010). That conviction gave rise to the habeas petition filed in this Court in Case No. 1:15-cv-00451.

New Hampshire Superior Court Justice McGuire presided over the El Mexicano case and the 7-Eleven case. She also presided over two other criminal cases in which Petitioner was a defendant. In one case, a jury convicted Petitioner of conspiracy to commit criminal threatening and reckless conduct based on his involvement in an incident where gun shots were fired at an apartment in Manchester, New Hampshire. *See State v. Addison*, 13 A.3d 214, 216-17 (N.H. 2010). In the other case, Petitioner was convicted "of the capital murder" of a police officer "and sentenced to death." *State v. Addison*, 87 A.3d 1, 35 (N.H. 2013).

In the two pending habeas matters in this Court, Petitioner contends in part that his Sixth Amendment right to effective assistance of counsel was violated by his trial lawyers' failure to object to Justice McGuire's assignment to the El Mexicano case and the 7-Eleven case. He also argues that Justice McGuire's assignment to his cases violated his due process rights. He maintains that Justice McGuire should not have presided due to bias.

Petitioner has moved for leave to take discovery under Rule 6(a) of the Rules Governing Section 2254 Cases. He seeks to take the deposition of Justice McGuire. Respondent opposes the discovery motions.

Following a review of the record and after consideration of the parties' arguments, the Court denies Petitioner's motions for discovery.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On October 16, 2006, Petitioner shot a police officer in Manchester "to avoid apprehension." *Addison*, 87 A.3d at 36. The officer died the following day. *Id.* During the week before the shooting, Petitioner "committed several violent crimes" in the same area. *Id.* On October 10, 2006, Petitioner and an accomplice robbed the El Mexicano Restaurant in Manchester. *Id.* The following morning, Petitioner and the same accomplice robbed a 7-Eleven in Hudson at gunpoint. *Id.* Then, on October 15, 2006, less than 24 hours before the shooting of the police officer, Petitioner and the accomplice were involved in the shooting incident at an apartment in Manchester. *Id.*

In its notice of intent to seek the death penalty in the murder case, the State of New Hampshire cited the three October 2006 non-capital criminal matters as aggravating factors. *Id.* at 91. The 7-Eleven case was originally assigned to Justice Groff, but later reassigned to Justice McGuire. (*See* J. McGuire's Interrogatory Answer, ECF No. 72-4.)[2] As noted, Justice McGuire presided over all four of Petitioner's criminal cases. Petitioner's convictions in the 7-Eleven case and the El Mexicano case were affirmed on direct review. *See Addison*, 8 A.3d 118; *Addison*, 8 A.3d 53.

---

[1] The facts set forth here are derived from the decisions issued by the New Hampshire state courts in Petitioner's criminal cases. *See* 28 U.S.C. § 2254(e)(1) (providing that, in a habeas proceeding, a presumption of correctness shall apply to the determination of a factual issue made by a state court). The procedural background is informed primarily by the documents attached to the discovery motions, which include several orders of the New Hampshire state courts.

[2] Unless otherwise noted, all citations to the docket refer to Case No. 1:15-00451, in which Petitioner challenges the 7-Eleven robbery conviction.

In connection with his appeal from the murder conviction, Petitioner filed a motion to recuse New Hampshire Supreme Court Justice Lynn, who had served as Chief Justice of the Superior Court at the time of the trial. (J. Lynn Order Dated Mar. 4, 2011, ECF No. 72-2.) Petitioner evidently argued that recusal was warranted because the case had a significant impact on the judicial system that Justice Lynn helped administer and that in his role as Chief Justice, Justice Lynn had to have discussed the case with Justice McGuire, the presiding trial judge. In his March 2011 order denying the motion, Justice Lynn stated that, as Chief Justice, he had assigned the murder case to Justice McGuire, but he had limited communications with her about the case thereafter, which communications did not require his recusal. (*Id.* at pp. 7-8.)

During proceedings on Petitioner's state habeas petition based on the 7-Eleven robbery conviction, Petitioner requested discovery regarding the assignment of Justice McGuire to the case. (*See* N.H. Super. Ct. Order Dated July 11, 2013, ECF No. 72-3.) The Superior Court permitted Petitioner to ask Justice McGuire a single interrogatory as follows: "Please describe the process for approving the switch of assignments from Judge Groff to yourself in the 7-Eleven trial, and state who approved the switch." (*Id.*) Justice McGuire answered the interrogatory, providing her recollection of the process by which she was assigned to the 7-Eleven matter and Petitioner's other cases.

In November 2014, the Superior Court denied Petitioner's request for habeas relief in the 7-Eleven robbery conviction. (N.H. Super. Ct. Order Dated Nov. 20, 2014, ECF No. 72-5.) The court rejected Petitioner's claim that defense counsel's failure to object to the "midstream assignment" of Justice McGuire constituted ineffective assistance of counsel.

4

(*Id.* at p. 7.)  The court determined that the case had been assigned to Justice McGuire "based on judicial economy and consistency and the unusual circumstances surrounding petitioner's multiple cases." (*Id.* at p. 6.)  The court concluded that under the circumstances, "an objective, disinterested observer who was fully informed would not entertain significant doubt about Judge McGuire's ability to fairly and impartially judge the issues presented in the robbery case." (*Id.* at pp. 6-7.)

In 2015, the Superior Court granted summary judgment to the State on Petitioner's request for habeas relief in the El Mexicano robbery case.  (*See* Petition ¶ 22, No. 1:15-cv-00151, ECF No. 1.)  The court rejected Petitioner's claim that defense counsel rendered ineffective assistance by failing to object to Justice McGuire's assignment to the El Mexicano case, adopting the reasoning in its prior order in the 7-Eleven habeas matter. (Respondent's Memorandum in Support of Motion for Summary Judgment p. 26, No. 1:15-cv-00151, ECF No. 12-1.)

Petitioner appealed from the Superior Court's denial of habeas relief in the 7-Eleven robbery case and sought Justice Lynn's recusal from participating in that appeal.  (*See* J. Lynn Order Dated Sept. 14, 2015, ECF No. 72-6.)  In the recusal motion, Petitioner claimed there was an inconsistency between Justice McGuire's interrogatory answer and Justice Lynn's March 2011 order denying Petitioner's prior recusal motion, suggesting that Justice Lynn might become a fact witness concerning Justice McGuire's assignment to the 7-Eleven robbery case.  (*Id.*)

5

Justice Lynn denied the motion to recuse. In so doing, he provided his recollection of the circumstances regarding Justice McGuire's assignment to Petitioner's various cases, explaining that Justice McGuire had expressed an interest in the assignment to the murder case but was assigned to the case pursuant to the Court's ordinary assignment rotation. (*Id.* p. 2.) Justice Lynn rejected Petitioner's contention that Justice McGuire's interest in presiding over Petitioner's cases demonstrated bias that warranted her disqualification. (*Id.* at p. 4.)

The New Hampshire Supreme Court declined to hear Petitioner's discretionary appeals from the denial of his state habeas petitions in the 7-Eleven and El Mexicano cases. (N.H. S.C. Order Dated Sept. 24, 2015, ECF No. 7-2; Status Report, No. 1:15-cv-00151, ECF No. 5.) Petitioner then commenced the federal habeas proceedings.

The federal habeas proceedings were stayed in 2016 to permit Petitioner to return to state court to pursue any state postconviction challenges that he had not fully exhausted. (*See* Order Staying Case Dated May 26, 2016.) Petitioner then filed amended habeas petitions in state court, asserting that Justice McGuire's assignment to his cases violated his right to due process. (N.H. Super. Ct. Order Dated March 4, 2024, ECF No. 72-8.) Petitioner claimed that Justice McGuire's interest in being assigned to the murder case established a potential for bias, and he moved to take her deposition to explore that potential. (*Id.* at p. 5.)

The Superior Court denied Petitioner's request for discovery, discerning no reasonable basis to infer that Justice McGuire's interest in Petitioner's capital case was reflective of bias, or a desire to secure a particular result. (*Id.* pp. 5-7.) The court concluded

that a defendant "has no due process right to have the judge assigned to his case in a particular way" and perceived no due process concerns where the evidence showed that the El Mexicano case and the murder case had been assigned to Justice McGuire based on standard procedures, and the 7-Eleven case had been reassigned to her due to its potential relationship to the murder case. (*Id.* p. 8.) The New Hampshire Supreme Court denied Petitioner's subsequent discretionary appeal. (N.H. S.C. Order Dated June 27, 2024, ECF No. 72-10.)

## DISCUSSION

In federal habeas proceedings, the petitioner "is not entitled to discovery as a matter of ordinary course." *Donald v. Spencer*, 656 F.3d 14, 15-16 (1st Cir. 2011) (quotation marks and citation omitted). Instead, under Rule 6(a) of the Rules Governing Section 2254 Cases, the Court may authorize discovery for "good cause." *Id.* To establish "good cause," Petitioner must present "specific allegations" establishing a "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (quotation marks and citation omitted).

The good cause standard thus requires an analysis of the elements of the claim on which a petitioner seeks to conduct discovery. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Petitioner seeks to conduct discovery on the issue of bias that he has cited as the basis for his claims of ineffective assistance of counsel and due process.

Most "questions concerning a judge's qualifications to hear a case are not constitutional ones, because the Due Process Clause of the Fourteenth Amendment establishes a constitutional floor," not a ceiling. *Id.* Ordinarily, these questions are

7

answered by "common law, statute, or the professional standards of the bench and bar," *id.*, which are generally more exacting than the mandates of due process. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 890 (2009). "But the floor established by the Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy*, 520 U.S. at 904-05 (quotation marks and citations omitted).

In the rare cases where the Supreme Court has deemed recusal required under the Due Process Clause, the Court has been confronted "with extreme facts that created an unconstitutional probability of bias"—a probability defies precise definition. *Caperton*, 556 U.S. at 887; *see Republican Party of Minn. v. White*, 536 U.S. 765, 776 (2002) (collecting cases); *see also Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (holding that "under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case"). In such an extraordinary case, "[w]hen the objective risk of actual bias on the part of a judge rises to an unconstitutional level," the due process violation is a structural error "not amenable to harmless-error review." *Williams*, 579 U.S. at 14-16 (quotation marks and citation omitted).

Here, a review of the alleged facts and the legal principles that govern Petitioner's claims reveals no reasonable basis to authorize the deposition of Justice McGuire. Justice McGuire has already addressed the circumstances of her assignment. Petitioner apparently seeks to depose Justice McGuire to explore further the circumstances of her assignment, including her interest in the assignment. Notably, the Court's assessment of the merits of

Petitioner's bias claim is an objective one. "Bias is easy to attribute to others and difficult to discern in oneself." *Id.* at 8. Because of the difficulties of inquiring into actual bias, and reviewing any such inquiry, "the Due Process Clause has been implemented by objective standards that do not require proof of actual bias." *Caperton*, 556 U.S. at 883.

Through Justice McGuire's interrogatory answer and Justice Lynn's order on Petitioner's recusal request, Petitioner is aware of the circumstances of Justice McGuire's assignment. Whether the circumstances support Petitioner's requests for habeas relief will be decided when the Court considers the merits of his habeas petitions. The circumstances, however, are not grounds for the discovery he seeks.

Only "in the most extraordinary of cases," where there is a strong showing of bad faith by a judge or where the circumstances are sufficient to "overcome the presumption of regularity as to the acts of the decision maker, may a judge be questioned as to matters within the scope of his [or her] adjudicative duties." *United States v. Roebuck*, 271 F. Supp. 2d 712, 718 (D. V.I. 2003). The circumstances of this case do not warrant the deposition of the presiding judge.

## CONCLUSION

Following a review of the record and after consideration of the parties' arguments, for the reasons explained above, the Court concludes that Petitioner has failed to

demonstrate good cause to conduct the requested discovery.  Accordingly, the Court denies Petitioner's motions for discovery.

## <u>NOTICE</u>

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 27th day of January, 2026.

10